CRENSHAW, Judge.
 

 Jose Jaramillo appeals the denial of his motion for postconviction relief wherein he raised thirteen grounds of ineffective assistance of counsel pursuant to Florida Rule of Criminal Procedure 3.850.
 
 [1]
 
 Because the record fails to conclusively refute ground eight and portions of grounds one and seven of the motion, we reverse and remand for further proceedings. We affirm the denial of the remaining grounds of Jaramillo’s motion without discussion.
 

 In ground one of his motion, Jar-amillo alleged that his trial counsel was ineffective for failing to challenge three jurors, Juror Lo, Juror Rodriguez, and Juror Collins, for cause. The postconviction court summarily denied this claim and attached portions of the voir dire transcript that conclusively refuted Jaramillo’s arguments as to Juror Lo and Juror Collins. However, the attached voir dire transcript does not support the postconviction court’s determination as to Juror Rodriguez.
 

 In ground seven of his motion, Jar-amillo alleged that his counsel was ineffective for presenting an opening statement and a closing argument that conflicted with his entrapment defense. When the postconviction court summarily denied this claim, it cited to, and attached portions of, the closing argument, finding Jaramillo
 
 *643
 
 was not entitled to relief because his counsel clearly explained to the jury how he was entrapped. However, the postconviction court did not address or attach any records refuting Jaramillo’s claim as to the opening statement.
 

 In ground eight of his motion, Jar-amillo contended that his counsel was ineffective for improperly introducing evidence of his prior arrests and convictions during the opening statement and throughout the trial. The postconviction court determined that Jaramillo was referring to “his time in Monroe County jail” and his counsel’s line of questioning during the cross-examination of a detective concerning similar drug-related offenses allegedly committed by Jaramillo. Yet when the postconviction court summarily denied his claim, it did not consider Jaramillo’s argument as to the opening statement.
 

 We find the postconviction court’s determination on each of these claims is not conclusively refuted by the record.
 
 See Peede v. State,
 
 748 So.2d 253, 257 (Fla.1999). Accordingly, we remand for further proceedings on portions of grounds one and seven and ground eight of Jaram-illo’s motion. On remand, the postconviction court shall either attach portions of the record conclusively refuting each of these claims or conduct an evidentiary hearing.
 

 Affirmed in part, reversed in part, and remanded with directions.
 

 CASANUEVA, C.J., and VILLANTI, J., Concur.
 

 [1]
 

 . In 2004, a jury found Jaramillo guilty of trafficking in more than 400 grams but less than 150 kilograms of cocaine, and the trial court sentenced him to fifteen years in prison with a fifteen-year mandatory minimum. This court affirmed Jaramillo’s judgment and sentence on appeal.
 
 Jaramillo v. State,
 
 923 So.2d 501 (Fla. 2d DCA 2006) (table decision).